# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>M. PALMER,<br><br>　　　　　　　　　　Defendant. | Case No. 25-cv-2208-BAS-MMP<br><br>**ORDER DIMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons discussed below, the case is **DIMISSED** without prejudice.

**I.　Failure to Satisfy the Filling Fee Requirement**

　　　　This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. Petitioner has not satisfied the filing fee requirement. The Court therefore dismisses the case without prejudice for failure to satisfy the filing fee requirement. *See* 28 U.S.C. § 2254.

**II.　Failure to State a Cognizable Habeas Claim**

　　　　A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for the claims Petitioner presents. Under § 2254, a federal court shall

entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement, while a civil rights action pursuant to 42 U.S.C. § 1983 is typically the proper method to challenge the conditions of prison confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1984) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (stating "[a]n inmate's challenge to the circumstances of his confinement" is brought via a § 1983 action).

Here, Petitioner alleges that when he was transferred to R.J. Donovan Correctional Facility from another California prison, officials lost several items of his personal property. (ECF No. 1.) Petitioner's claims, however, are not cognizable on federal habeas because they do not challenge the constitutional validity or duration of his prison confinement.[1] *See* 28 U.S.C. § 2254(a); *Heck*, 512 U.S. at 481. Therefore, because Petitioner challenges only the conditions of his prison life, and not the fact or length of his custody, he has not stated a cognizable habeas claim pursuant to § 2254.

Under Rule 4 of the Rules Governing § 2254 Cases, the Court may *sua sponte* dismiss a habeas action if it plainly appears from the petition that the petitioner is not entitled to relief. *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Accordingly, the case is dismissed for failure to state a cognizable habeas claim.

**III.    Conclusion**

Based on the above, the Court **DISMISSES** the case without prejudice for failure to satisfy the filing fee requirement and failure to state a cognizable habeas claim. If Petitioner wishes to pursue his claims related to the conditions of his confinement, he must do so by

---

[1] Generally, challenges to the conditions of confinement in state prisons are brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973).

1  filing a new civil action pursuant to 42 U.S.C. § 1983.[2] <u>The Court directs the Clerk of Court
2  to close the case.</u>

3      **IT IS SO ORDERED.**

5  **DATED: October 28, 2025**

                                              **Hon. Cynthia Bashant, Chief Judge**
                                              **United States District Court**

---

[2] The Court notes that the fee for initiating a civil action pursuant to 42 U.S.C. § 1983 is $405.00, which includes a $350.00 filing fee and a $55.00 administrative fee. 28 U.S.C. § 1914(a).